PETER BOWE, SHERIFF, ETC., APPELLANT, *v.* THE KNICKER-BOCKER LIFE INSURANCE COMPANY, RESPONDENT.

*Action by the sheriff to collect property attached — he will not be allowed to discontinue it when the debtor will be prejudiced thereby — Code of Civil Procedure, sec.* 655.

APPEAL from an order made at a Special Term, directing a discontinuance of this action.

This action was prosecuted by the plaintiff as sheriff, under the authority of section 655 of the Code of Civil Procedure, to collect the amount due upon two policies issued to the deceased. He derived his power to do so under an attachment which had been issued to him against the property of Sarah F. Lyman. By virtue of this attachment he seized and attached the demands which existed in favor of the defendant in the attachment upon two life insurance policies issued upon the life of her husband for her benefit by the defendant in this suit.

The husband died about the 18th of August, 1880, and by the terms of the policies suits for the insurance moneys could only be

maintained when instituted within the period of one year after the amounts mentioned in them became payable. The ordinary proofs of death were served, and whatever amounts might be recovered under the policies became payable more than one year before the order for the discontinuance of this action was made.

The court at General Term said : " The consequence therefore will be, if the order should be allowed to stand, that the sheriff's action for the recovery of the proceeds of the policies will be ended, and the person entitled to be benefited by means of the insurances will, by reason of this lapse of time, be deprived of the right to commence or prosecute an action for the recovery of the money. This would be clearly unjust to the defendant against whom the attachment was issued, and under which these claims were seized. By the further prosecution of this action, a judgment for the several amounts payable by the terms of the policies may be recovered by the sheriff, and from it the creditor in the attachment will be first entitled to payment, and after that and the payment of the sheriff's expenses in this action, the residue of the recovery would become payable to the defendant in the attachment, and that would accomplish all the purposes of justice as to all the parties interested in these demands. But to allow the sheriff's action to be discontinued after its prosecution for such a length of time as necessarily must have deprived the insured of her right of action, would be unjust in the extreme. It would be practically an abuse of the legal authority given to him to collect by suit the things in action attached by him under the attachment.

"And this should not be permitted, even though the defendant may be willing to pay all that has become due to the plaintiff in the attachment. For that is less than half of what appears to be the reasonable claims against the present defendant.

" The provision of the Code under which such a discontinuance might be authorized could not have been intended to apply to such a case, and in that manner produce this serious injustice to the defendant in the attachment.

" This view of it was adopted in the case of *O'Brien* v. *The Merchants' Insurance Company* (16 Abb. [N. S.], 212). And a different construction of the statute could not have been contemplated in its enactment."

*Morris & Donnelly,* for the sheriff, appellant.

*Henry W. Johnson,* for the respondent.

Opinion by DANIELS, J.; BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements.